IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALBERT ANDUJAR,**

      **Plaintiff,**

      v.                                                    **CASE NO.**

**THE UNIVERSITY OF
FLORIDA BOARD OF
TRUSTEES,**

      **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff ALBERT ANDUJAR (hereinafter referred as "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint against THE UNIVERSITY OF FLORIDA BOARD OF TRUSTEES (hereinafter referred as "UF" or "Defendant"), and in support of states as follows:

**NATURE OF CASE**

This is an action to remedy interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq., as well as disability discrimination pursuant to the provisions of the Florida Civil Rights Act ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to

be pled), attorneys' fees and costs, and any other relief to which the Plaintiffs are entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1. This is an action at law that raises a federal question under federal law.

2. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

3. The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

4. The events giving rise to this action occurred within this District.

5. This Court also has supplemental jurisdiction over Plaintiff's state law claims.

## PARTIES

6. Plaintiff was an employee of Defendant from approximately May 7, 2018 until January 7, 2021.

7. Plaintiff was employed by Defendant in Lake Alfred, Polk County, Florida.

8. Defendant UF is a government entity operating under the laws of the State of Florida.

9. Defendant employs more than fifty (50) employees.

10. Defendant employs more than fifty (50) employees within 75 miles of Lake Alfred, Florida.

11. Plaintiff was an "employee" as defined by the FMLA.

12. Defendant is an "employer" as defined by the FMLA.

13. As of the date of his termination, Plaintiff had been employed by Defendants for at least twelve (12) months.

14. As of the date of his termination, Plaintiff had been employed by Defendant for at least 1,250 hours of service during the previous twelve (12) month period.

15. Plaintiff was an "employee" as defined by the FCRA.

16. Defendant is an "employer" as defined by the FCRA.

## FCRA STATUTORY PREREQUISITES

17. At all times material hereto, Plaintiff suffered from long-term medical effects of the COVID-19 virus.

18. Plaintiff's medical condition caused long-term effects that substantially limited one or more major life activities.

19. Therefore, Plaintiff suffered from one or more disabling medical condition(s) under the FCRA.

20. Plaintiff was discriminated against based on his handicap or

disability.

21. Plaintiff is a member of a class of individuals protected by the FCRA.

22. The Defendant meets the statutory criteria for coverage as an "employer" under the FCRA.

23. Plaintiffs meet the statutory criteria for coverage as an "employee" under the FCRA.

24. At all times material to the allegations herein, Plaintiff was qualified for his Laboratory Technician position with Defendant.

25. Plaintiff timely filed his Charge of Discrimination with the EEOC in or around March 18, 2021.

26. The EEOC issued a Dismissal and Notice of Rights on December 14, 2021.

27. Therefore, the initial Complaint in this action is being filed within 90 days of Plaintiff receiving his right-to-sue letter.

28. Plaintiff has complied with all other FCRA requirements and all prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

29. Plaintiff began his employment with Defendant on or about May 7, 2018, working as a Laboratory Technician with Respondent's Citrus Research and Education Center located in Lake Alfred, Florida.

30. Plaintiff was hired by the Defendant in the category of non-student hourly Other Personnel Services (OPS) employee.

31. Plaintiff remained in the position of Laboratory Technician until the time of his unlawful termination.

32. At all times material, Plaintiff performed well while working for Defendant.

33. Upon information and belief, Defendant has internal policy which states once OPS employees complete 4,176 hours of work for the Defendant, they are hired as permanent employees.

34. Plaintiff met that threshold in August 2020.

35. Plaintiff was advised by Defendant that he would be moved to a permanent position upon resuming normal operations which had been affected by the COVID-19 pandemic.

36. On or around September 3, 2020, Plaintiff tested positive for the COVID-19 virus.

37. As result of contracting COVID-19, Plaintiff developed serious medical conditions including Pneumonia and pulmonary disease.

38. As a result of these serious medical conditions, Plaintiff was hospitalized and was in critical condition.

39. In October and November 2020, Plaintiff provided Defendant

with medical documentation from his physician indicating he was still treating for his medical conditions and was unable to return to work.

40. At all times material hereto, Plaintiff suffered from disabling medical conditions under the FCRA.

41. At all times material, Plaintiff was eligible for FMLA leave.

42. Defendant was aware that Plaintiff had a serious health condition that qualified for FMLA leave and failed to properly advise Plaintiff of his rights under the FMLA.

43. Defendant failed to provide Plaintiff with FMLA leave in violation of the law.

44. Defendant terminated Plaintiff on January 7, 2021.

45. Defendant advised Plaintiff the project he was working on was ending due to lack of funding and Defendant had no available positions to which he could be transferred

46. Plaintiff learned only a few days after this termination, that the project he was working on had indeed secured more funding and had not ended.

47. Plaintiff was the only employee assigned to that project who was terminated.

48. Plaintiff was not rehired by Defendant.

49. Plaintiff had been an employee in good standing until the end of his

employment.

50. Defendant refused to accommodate Plaintiff.

51. At the time of his termination, Plaintiff was qualified for his position.

52. At no time during his employment did Defendant counsel or otherwise discipline Plaintiff for failure to meet his job duties or on absenteeism.

53. At the time of his termination, Plaintiff worked for a covered employer as defined by the FMLA.

54. At the time of his termination, Plaintiff was eligible for FMLA leave.

55. Defendant's actions constitute interference with Plaintiff's rights under FMLA.

56. Defendant's actions constitute discrimination and retaliation in violation of Plaintiff's rights under the FMLA.

57. Defendant's actions also constitute discrimination in violation of Plaintiff's rights under FCRA.

58. Plaintiff was treated differently than similarly situated non-disabled employees.

59. Defendant discriminated against Plaintiff for taking necessary time off due to his disability.

60. Defendant terminated Plaintiff in retaliation for taking necessary time off due to his disability.

## COUNT I
## INTERFERENCE UNDER THE FMLA

61. Plaintiff re-alleges and adopts the allegations of paragraphs 1-14 and 28-56 above as if fully set forth herein.

62. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

63. Defendant was Plaintiff's employer as defined by the FMLA.

64. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

65. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

66. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

67. Defendant's violations of the FMLA were willful.

68. Plaintiff is entitled to recover attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and

equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER THE FMLA

69. Plaintiff re-alleges and adopts the allegations of paragraphs 1-14 and 28-56 above as if fully set forth herein.

70. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

71. Defendant was Plaintiff's employer as defined by the FMLA.

72. Defendant discriminated and retaliated against Plaintiff because Defendant knew he was eligible for leave under the FMLA.

73. Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise his rights under the FMLA

74. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

75. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

76. Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's eligibility for and attempt to exercise his rights for FMLA-covered leave.

77. Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

78. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

79. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

80. Defendant's violations of the FMLA were willful.

81. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and

equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT III
## DISCRIMINATION UNDER THE FCRA

82.    Plaintiff re-alleges and adopts the allegations of paragraphs 1-10; 15-39; and 57-60 above as if fully set forth herein.

83.    Plaintiff suffers from a handicap or disabling medical condition pursuant to the FCRA.

84.    Plaintiff was discriminated against by the Defendant due to his handicap or disability in violation of Florida law.

85.    Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

86.    Defendant denied Plaintiff reasonable accommodation as required

by Florida law.

87. Plaintiff is protected by the FCRA:

a. Plaintiff was handicap or disabled or a "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

b. Plaintiff suffered an adverse employment action as a result of his handicap or disability or "perceived disability."

88. Defendant was at all material times an "employer" as envisioned and defined by the FCRA.

89. Plaintiff's medical condition is a protected disability under the FCRA.

90. Defendant's actions unquestionably constitute handicap or disability discrimination in violation of the FCRA.

91. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the FCRA.

92. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, even though Plaintiff could perform same with a reasonable accommodation.

93. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

94. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

95. Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

96. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during their employment. Therefore, he is members of protected classes as envisioned by the FCRA.

97. Plaintiff suffered sufficiently severe and pervasive treatment because of his disability and/or "perceived disability," and request for accommodation regarding same.

98. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA.

99. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

100. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

101. The conduct of Defendant was so willful and wanton, and in such

reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

102. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION UNDER THE FCRA

103. Plaintiff re-alleges and adopts the allegations of paragraphs 1-10; 15-39; and 57-60 above as if fully set forth herein.

104. Plaintiff suffers from a handicap or disabling medical condition pursuant to the FCRA.

105. Plaintiff was retaliated against by the Defendant due to his handicap or disability in violation of Florida law.

106. Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

107. Defendant denied Plaintiff reasonable accommodation as required by Florida law.

108. Defendant terminated Plaintiff because he took necessary time off while hospitalized due to his disability.

109. Defendant terminated Plaintiff in violation of the FCRA.

110. Plaintiff is protected by the FCRA:

    a. Plaintiff was handicap or disabled or a "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

    b. Plaintiff suffered an adverse employment action as a result of his handicap or disability or "perceived disability."

111. Defendant was at all material times an "employer" as envisioned and defined by the FCRA.

112. Plaintiff's medical condition is a protected disability under the FCRA.

113. Defendant's actions unquestionably constitute retaliation in

violation of the FCRA.

114. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the FCRA.

115. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, even though Plaintiff could perform same with a reasonable accommodation.

116. Pleading in the alternative, Plaintiff's impairment did not substantially limita major life activity but was treated by Defendant as if it did.

117. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward theimpairment.

118. Defendant does not have a non-discriminatory rationale for terminating the Plaintiff.

119. Plaintiff was a handicap or disabled individual or otherwise perceived as disabled by Defendant, during their employment. Therefore, he is member of protected classes asenvisioned by the FCRA.

120. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against handicap or disability discrimination under the FCRA.

121. The retaliation to which Plaintiff was subjected was based on his

disability and/or "perceived disability."

122. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

123. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

124. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 25th day of February, 2022.

    */s/ Anthony J. Hall*
    **ANTHONY J. HALL, ESQ.**
    Fla. Bar No. 40924
    **THE LEACH FIRM**
    631 S. Orlando Ave., Ste. 300
    Winter Park, FL 32789
    Tel: 407-574-4999
    Fax: 321-594-7316
    Email: ahall@theleachfirm.com
    Email: npacheco@theleachfirm.com

    *Counsel for Plaintiff*